UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY DEANGELO BERRY,

                 Plaintiff,

        -against-

XHAMSTER.COM,

               Defendant.

25-CV-9236 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who resides in New York, appears *pro se*. He brings this action, invoking the

Court's federal question jurisdiction, against XHamster.com, a pornography website. By order

dated November 7, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the

complaint without prejudice for lack of subject matter jurisdiction, with 30 days' leave to

replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits-to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Jeremy Deangelo Berry, who resides in New Rochelle, New York, filed this complaint against XHamster.com, a pornography website. He also may be attempting to sue "Vince," who works at XHamster. He provides both a New York and Czech Republic address for XHamster, noting that XHamster maintains its principal place of business in the State of New York.

The following facts are taken from the complaint. Plaintiff identifies as a "pornstar." (ECF 1 ¶ II(B).) In July 2025, in New Rochelle, New York, and the Czech Republic, Plaintiff "joined" Defendant's "pornography website . . . as a creator and ad revenue employee (a

2

model)."[1] (*Id.* ¶ III.) Plaintiff "ha[s] a contract for selling my art for pornography . . . [where he maintains] almost a hundred subscriber[s]." (*Id.*) Plaintiff receives payment, presumably from Defendant, "every 15th of the month . . . [but] [t]his last payout I didn't get paid." (*Id.*) Plaintiff reached out to Defendant, "[a]nd an executive by the name of Vince emailed me back, writing I didn't have enough in my payout balance to get payed for the minimum payout which is a $110.00 dollar[] total for a month sells." (*Id.*)

Plaintiff alleges that Defendant "default[ed] in a contract agreement." (ECF 1 ¶ I(A).) He seeks $10,000 in damages.

## DISCUSSION

### A.    Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

---

[1] Plaintiff uses irregular capitalization in the complaint. For readability, the Court uses standard capitalization. All other spelling, grammar, and punctuation are as in the original unless noted otherwise.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.")

### 1.    Federal Question Jurisdiction

When a plaintiff invokes the court's federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff invokes the Court's federal question jurisdiction, but because Plaintiff asserts a state law claim of breach of contract, this Court lacks federal question jurisdiction of this claim.

### 2.    Diversity of Citizenship Jurisdiction

Where a plaintiff asserts state law claims, a federal court, in some circumstances, may exercise diversity of citizenship jurisdiction under 28 U.S.C. § 1332. To establish a court's authority to exercise diversity jurisdiction, a plaintiff first must allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Johnson v. Smithsonian*, 4 F. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is "the

place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir. 1998).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is worth more than the sum or value of $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). Courts generally "recognize[ ] a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999).

Plaintiff's state law claim cannot be litigated in federal court because the court cannot exercise diversity jurisdiction of this claim. First, because Plaintiff states that both he and Defendant reside in New York, he cannot show that they are of diverse citizenship. Second, because Plaintiff seeks only $10,000, he cannot show that his damages exceed the statutory jurisdictional amount of $75,000. The Court therefore dismisses this action without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In an abundance of caution, and in

5

light of Plaintiff's *pro se* status, the Court grants him 30 days' leave to replead any claims under state law in an amended complaint in which he alleges facts showing that the court has diversity jurisdiction of such claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    March 25, 2026
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.